IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| GEORGIA RV COLLISION | ) | Case No. 15-64414-pmb |
| AND SERVICE CENTER, LLC, | ) | Judge Baisier |
| | ) | |
| Debtor. | ) | |
| | ) | |
| HUBERT PROPERTIES, LLLP | ) | |
| and C. FRANK MOORE, | ) | |
| Trustee for the Harold S. Willingham | ) | |
| Marital Trust, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Contested Matter |
| vs. | ) | |
| | ) | |
| GEORGIA RV COLLISION | ) | |
| AND SERVICE CENTER, LLC, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)

COMES NOW, Hubert Properties, LLLC and C. Frank Moore, Trustee for the Harold S. Willingham Marital Trust (hereinafter, "Movant"), and files this, its Motion to Lift the Automatic Stay Pursuant to 11 U.S.C. §362(d) (hereinafter referred to as the "Motion"), and shows the Court as follows:

-1-

## STATEMENT OF FACTS:

1.

Debtor is a lessee pursuant to a Lease Agreement dated June 30, 2012 by and between Movant, as lessor, and Debtor as lessee (hereinafter collectively referred to as the "Lease") for certain non-residential real property located at 350 White Avenue, Marietta, Georgia 30060 (hereinafter the "Leased Premises").  The term of the Lease is not scheduled to expire until June 30, 2017.

2.

Debtor commenced its case under Chapter 11 of Title 11 of the United States Code on July 31, 2015.

3.

As of the date of the filing of the instant Motion, personal property owned or in the control of the Debtor currently occupies the Leased Premises.  Furthermore, Debtor continues to operate its commercial business within the Leased Premises.

4.

On February 11, 2015, Movant initiated a dispossessory proceeding in the State Court of Cobb County styled, Hubert Properties, LLLP and C. Frank Moore, Trustee for the

<u>Harold S. Willingham Marital Trust v. Georgia RV Collision and Service Center, LLC</u>, Case No. 15-D-11 (hereinafter referred to as the "Dispossessory Proceeding") due to the Debtor's failure to timely pay rent and related charges due pursuant to the Lease.

5.

A consent order (hereinafter referred to as the "Consent Order") was entered in the Dispossessory Proceeding on July 8, 2015, providing, *inter alia*, that Debtor may continue to occupy the Leased Premises through and including July 31, 2015, and also that Debtor would pay Movant the sum of $18,454.14 to compensate Movant for rent for the month of July 2015. Importantly, Debtor also consented to the issuance of a Writ of Possession in favor of Movant on or after August 1, 2015. (A copy of the July 8, 2015 Consent Order is attached hereto as Exhibit "A".)

6.

Further, the Consent Order provided that a Writ of Possession would issue in favor of Movant on or after August 1, 2015, to permit Movant to evict Debtor from the Leased Premises should Debtor fail to voluntarily vacate the Leased Premises by July 31, 2015.

7.

As of the filing of the present Motion, Debtor has failed to vacate the Leased Premises in accordance with the terms of the Consent Order.

8.

As of July 31, 2015, Debtor is indebted to Movant for pre-petition rent and related amounts in the sum of $80,204.71, said sum representing past due pre-petition rent in the amount of $69,062.07 principal, $681.16 accrued interest through the Petition Date and $10,461.48 attorney's fees.

9.

On July 31, 2015, Movant's attorney sent to Debtor's attorney a letter which terminated the Lease pursuant to Section 10.02 of the Lease at 4:30 p.m. on July 31, 2015. (A copy of Movant's attorney's letter is attached hereto as Exhibit "B" and is incorporated herein by this reference.)

10.

Due to the Debtor's filing for protection under Chapter 11, Movant is prohibited from regaining possession of the Leased Premises pursuant to the Automatic Stay Provisions of 11 U.S.C. §362(a).

11.

Movant's interests in the Leased Premises are not being adequately protected, as Movant is being forced to provide use of the Leased Premises to the Debtor without

compensation as is required by the Bankruptcy Code and in direct contravention of the Consent Order.

## CITATION OF AUTHORITY

    a.    <u>Cause exits to Lift the Automatic Stay</u>.

11 U.S.C §362(d) states in part that, "on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.". Here, rent for the Leased Premises has not been timely paid since approximately April 2013. As such, cause exists to lift the automatic stay, as Movant's interests in the Leased Premises are not adequately protected, as Movant is not being compensated for providing use of the Leased Premises to Debtor. Movant therefore requests that the Automatic Stay as imposed by 11 U.S.C. §362(a) be lifted, so that Movant may exercise its State Court remedies to regain possession of the Leased Premises.

    b.    <u>Debtor maintains no interest in the Lease and therefore cannot assume the Lease.</u>

Because Movant exercised its right pursuant to the Lease to declare the Lease to be terminated pursuant to Movant's attorney's letter of July 31, 2015, there is no interest in the Lease for the Debtor to assume, and thus the Debtor maintains no interest in the Leased

Premises and, pursuant to 11 U.S.C. § 365(c)(3), cannot move to assume the Lease. As the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division, held in In Re: Thompson, 186 B.R. 301, 308 (1995), "[i]f a franchise agreement or sublease has been breached and validly terminated prior to bankruptcy, it can not be revived solely by virtue of a bankruptcy petition. Filing for bankruptcy relief does not confer new rights on a Debtor in regard to these terminated agreements and a Debtor is not permitted to cure his default and/or assume such agreement." Here, Movant validly exercised its rights pursuant to the Lease Agreement to terminate the Lease prior to the filing of the petition for relief. Movant validly exercised its contractual rights to terminate the Lease, and thus Debtor may not assume the Lease pursuant to Section 365 of the Bankruptcy Code, and therefore Movant's only remedy to regain possession of the Leased Premises is to have the Automatic Stay lifted, so Movant may assert its rights under the Consent Order entered in the Dispossessory Proceeding.

    c.    <u>Debtor Consented to the Issuance of a Writ of Possession in the Dispossessory Proceeding</u>.

Further evidencing the Debtor's intent to vacate the Leased Premises on or before July 31, 2015, the Consent Order entered in the Dispossessory Proceeding provided that Debtor shall vacate the premises on or before July 31, 2015, and that Movant shall be entitled to a Writ of Possession, upon application to the Trial Court, on or after August 1,

-6-

2015. The simple fact that Debtor agreed to the terms of the Consent Order is further evidence that Movant is entitled to relief from the Automatic Stay, so that it may pursue its State Court remedies in the Dispossessory Proceeding.

WHEREFORE, Movant respectfully moves this Court for an Order lifting the Automatic Stay, so that Movant may exercise its State Court remedies to regain possession of the Leased Premises through the Consent Order entered in the Dispossessory Proceeding.

Further, Movant respectfully moves this Court for the entry of an Order lifting the automatic stay instanter, notwithstanding Bankruptcy Rule 4001(a)(3).

Respectfully submitted this ___5___ day of ___August___, 2015.

/s/Victor W. Newmark
Victor W. Newmark, Esq.
Georgia Bar No. 541405
Attorney for Movant

Wiles & Wiles, LLP
800 Kennesaw Avenue, Suite 400
Marietta, Georgia 30060-7946
(770) 426-4619
(770) 426-4846 - Facsimile
F76.4mtn-lift-stay.doc

ORIGINAL

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| HUBERT PROPERTIES, LLLP AND C. FRANK MOORE TRUSTEE FOR THE HAROLD S. WILLINGHAM MARITAL TRUST, | ) ) ) ) ) | CIVIL ACTION CASE NO. 15-D-11 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| GEORGIA RV COLLISION AND SERVICE, LLC, | ) ) ) | |
| Defendant. | ) | |

### CONSENT ORDER

WHEREAS, the above captioned dispossessory action is currently pending before this Court; and

WHEREAS, the Court has previously entered a Consent Order which was filed with the court on March 15, 2015 providing, *inter alia*, that the Defendant may occupy the premises at issue through June 30, 2015, and that a Writ of Possession would issue effective July 1, 2015; and

WHEREAS, the parties wish to modify the terms of the consent order to provide that the Defendant may continue to occupy the premises through July 31, 2015, and to provide for payment of rent for the month of July and other amounts to Plaintiff,

For good cause shown, and by consent of the parties, IT IS HEREBY ORDERED that contemporaneously with the execution of this Order, the Defendant, Georgia RV Collision and Service, LLC, shall pay to the Plaintiff the sum of $18,454.14 to compensate Plaintiff for Rent for the month of July 2015 and for other costs Plaintiff shall incur as a result of the delay in gaining possession of the premises. The payment provided for in this Consent Order shall be



EXHIBIT "A"

made in *certified funds or cash*, and shall be paid to Plaintiff c/o Wiles & Wiles, LLP, 800 Kennesaw Avenue, Suite 400, Marietta, Georgia 30060-7946.

It is Further Ordered that Defendant may remain in possession of the premises for the month of July, but shall vacate the premises on or before July 31, 2015, leaving the premises in a broom clean condition. Any property remaining within the premises after July 31, 2015 shall be deemed abandoned and may be disposed of by Plaintiff. A Writ of Possession shall issue upon application of Plaintiff on or after August 1, 2015. All other terms of the Court's earlier Consent Order shall remain in effect.

SO ORDERED, this the 8 day of July, 2015.

_____
Judge, State Court of Cobb County

Kathryn J. Tanksley
Judge's Name Typed/Printed

**CONSENTED TO BY:**

_Christopher S. Badeaux by_ _____, with permission
Christopher S. Badeaux, Esq.
Georgia Bar No. 030769
Attorney for Defendant
The Badeaux Law Firm, LLC
1400 Marketplace Boulevard
Suite 112
Cumming, Georgia 30041

_____
N. Jackson Cotney, Jr., Esq.
Georgia Bar No. 189538
Attorney for Plaintiff
Wiles & Wiles, LLP
800 Kennesaw Avenue, Suite 400
Marietta, Georgia  30060-7946
(770) 426-4619
(770) 426-4846 - Facsimile
F76/4consent order extending occupancy.doc

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed true and exact copies of the foregoing

### ORDER

(through the Cobb County Mail system), to the following:

Christopher S. Badeaux, Esq.
THE BADEAUX LAW FIRM, LLC
1400 Marketplace Boulevard, Suite 112
Cumming, Georgia 30041

N. Jackson Cotney, Jr., Esq.
WILES & WILES, LLP
800 Kennesaw Avenue, Suite 400
Marietta, Georgia 30060-7946

This 8th day of July, 2015.

Ericka Kemp, Judicial Administrative Specialist
to Kathryn J. Tanksley, Judge, State Court of Cobb
County, Cobb Judicial Circuit

# WILES
## -&-
# WILES LLP

Attorneys at Law
800 Kennesaw Avenue, Suite 400
Marietta, Georgia 30060-7946
(770) 426-4619
Facsimile (770) 426-4846
jjwiles@evict.net

John J. Wiles
*(Also admitted in Colorado, Florida, Tennessee & Texas)*
Janet Hughes Wiles
*(Also admitted in Florida & Colorado)*
N. Jackson Cotney, Jr.

Victor W. Newmark
Matthew R. Garten

July 31, 2015

*<u>Via Federal Express – Standard Delivery and</u>*
*<u>Via Email - Christopher.badeaux@badeauxlawfirm.com</u>*
Christopher S. Badeaux, Esq.
The Badeaux Law Firm, LLC
1400 Marketplace Boulevard
Suite 112
Cumming, Georgia 30041

*<u>Via Federal Express – Standard Delivery and</u>*
*<u>Via Email – wrountree@maceywilensky.com</u>*
William A. Rountree
Macey, Wilensky & Hennings, LLC
303 Peachtree Street, NE, Suite 4420
Atlanta, Georgia 30309

Re: Hubert Properties, LLLP and C. Frank Moore Trustee for The Harold S. Willingham Marital Trust and Georgia RV Collision and Service, LLC; State Court of Cobb County; Case No. 15-D-11; **Our File No. F76.4**

Greetings:

As you are aware, we represent Hubert Properties, LLLP and C. Frank Moore Trustee for The Harold S. Willingham Marital Trust. Pursuant to the Section 10.02 of the Lease Agreement between the parties, our client herewith exercises its right to declare your client's Lease and its tenancy to be terminated effective 4:30 p.m., July 31, 2015.

With kindest regards, I am

Very truly yours,

John J. Wiles

JJW/dkg
Enclosure
F76.4lt-atty terminating.doc

**EXHIBIT "B"**

## CERTIFICATE OF SERVICE

I hereby certify that on **8/5/15**, I electronically filed a MOTION TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d) using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

William A. Rountree, Esq.
Attorney for Debtor
303 Peachtree Street, NE
Suite 4420
Atlanta, Georgia 30308

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Georgia RV Collision and Service Center, LLC
Debtor
350 White Avenue, S.E.
Marietta, Georgia 30060-9200

/s/Victor W. Newmark
Victor W. Newmark, Esq.
Georgia Bar No. 541405

Of Counsel:

Wiles & Wiles, LLP
800 Kennesaw Avenue, Suite 400
Marietta, Georgia 30060-7946
(770) 426-4619
(770) 426-4846 – Facsimile
bankruptcy@evict.net
F76.4mtn-lift-stay.doc

-8-